UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JENNIFER BACINO ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 2:04cv134 PPS |
| ) | |
| ) | |
| MAYOR THOMAS McDERMOTT, Jr. ) | |
| in his individual capacity and, ) | |
| THE CITY OF HAMMOND, INDIANA ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

Following a contentious and often bitter campaign for the Office of Mayor of the City of Hammond, democratic challenger Thomas McDermott defeated incumbent republican Duane Dedelow, in November 2003. Eight days before he took office McDermott fired Jennifer Bacino, the Special Events Coordinator for the City of Hammond's Parks Department. Bacino, who supported Dedelow during the campaign, claims this was a political firing in violation of her First Amendment rights. McDermott responds that Bacino was a policy maker and that he had an absolute right to appoint his own person to that position. The matter is now before the Court on a Motion for Summary Judgment brought by both the City of Hammond and Mayor McDermott. Because there are several questions of material fact that remain unanswered, the motion is denied.

**I. FACTS**

The facts, read in the light most favorable to the Plaintiffs, demonstrate that Thomas McDermott was elected to the office of Mayor of the City of Hammond in November 2003. He

1

was set to take office on January 1, 2004. During the transition period, McDermott met with his staff and reviewed the various positions within the City of Hammond. The purpose of this review was to determine which jobs were in the category of "policy makers." As he was putting his team together, Mayor McDermott wanted to fill those positions, as is his right, with people who were politically loyal to him.

Jennifer Bacino was the Hammond Parks Department Special Events Coordinator. Bacino supported Duane Dedelow in the 2003 general election. She worked at his steak fry fund raiser, she assisted with seating arrangements at another fund raiser, she was a member of the Committee to Elect Duane Dedelow and she voted for Dedelow in the general election. According to Mayor McDermott, Bacino held a policy making position and thus she was terminated to make room for McDermott's choice. On December 23, 2003, Bacino was notified via mail that she was being fired.

Jennifer Bacino was first hired by the City of Hammond in 1995. Bacino was initially hired as a secretary to the Mayor. One year later she transferred to the City's Department of Planning Development as an educational planner who assisted the Hammond schools with arranging partnerships with local businesses. She held this job for about a year when the position of Park and Recreation Director in the Hammond Parks Department became available. Bacino went through the normal City of Hammond internal bidding process to apply for the job, and she was hired. While working for the Park's Department, Bacino first held the position of Park and Recreation Director and later she became the Special Events Coordinator. The position of Park and Recreation Director required Bacino to be involved in coordinating Hammond's summer park programs and handling the opening and closing of City pools.

Bacino then moved to the position of Special Events Coordinator, the position she held when she was terminated in December 2003. The position was evidently open in February 2000 because the Defendants have presented the Court with a job opening for that position. (*See* Defendant's Ex. D). According to that "Job Opening," the Special Events Coordinator position would entail supervising special events at the Hammond Civic Center, maintaining the records for the Center, preparing and monitoring contracts for the Center, developing policies for the Center and preparing budget estimates for the Center. It is unclear from the record if Bacino had a job description that was the same as the February 2000 Job Opening.

Bacino testified via affidavit that she reported to the Recreation Supervisor, Harold Hull, as did five other full time staff employees. She testified that she had no authority to set policy, establish budgets, or expend money absent approval from her supervisor. She also testified that the Job Opening described in the previous paragraph did not apply to her because the position was substantially revised in 2002 when she took the position. According to Bacino, she did not supervise other employees, did not monitor contracts, did not develop policy and did not prepare budget estimates. In short, the job opening from February 2000 did not describe the position that she assumed.

## II. DISCUSSION

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment carries the initial burden of demonstrating an absence of evidence to support the position of the non-moving party.

*Doe v. R.R. Donnelley & Sons, Co.*, 42 F.3d 439, 443 (7th Cir. 1994).  The non-moving party must then set forth specific facts showing that there is a genuine issue of material fact and that the moving party is not entitled to a judgment as a matter of law.  *Anderson v. Liberty Lobby*, 447 U.S. 242, 252 (1986).  A genuine dispute about a material fact exists only if the evidence is such that a reasonable jury could return a verdict for the non-moving party.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).

      The Plaintiff, Jennifer Bacino, brought suit against Mayor McDermott and the City of Hammond under 42 U.S.C. § 1983 asserting that the Mayor violated her First Amendment rights when he terminated her based upon her support of the Mayor's political opponent, Duane Dedelow.  To survive summary judgment on a political firing claim, the Plaintiff must demonstrate that her conduct was constitutionally protected and that the protected conduct was a substantial factor in the decision to terminate her.  *Nekolny v. Painter*, 653 F.2d 1164, 1168 (7th Cir. 1981); *see also Nelms v. Modisett*, 153 F.3d 815, 818 (7th Cir. 1998).  Once the Plaintiff presents such evidence, the burden shifts to the Defendants to show that they had a legitimate non-political reason for terminating the Plaintiff or that the firing was an appropriate political firing.  *Nelms*, 153 F.3d at 818; *see also Selch v. Letts*, 5 F.3d 1040, 1042 (7th Cir. 1993).

      In this case, it is largely undisputed that Bacino engaged in constitutionally protected conduct by supporting the incumbent Mayor, Duane Dedelow.  In addition, Mayor McDermott has not attempted to argue that Bacino's political support for Dedelow was not a motivating factor in his decision to terminate her.  Instead, he claims that he had the absolute right to terminate Bacino because she held a policy making position.

      Adverse employment action taken on the basis of political affiliation is governed by a

long and complicated strain of cases beginning with *Elrod v. Burns*, 427 U.S. 347 (1976), which instructs that a politically motivated termination may be constitutionally justified where the public employer can demonstrate a compelling reason for that dismissal. *Thompson v. Ill. Dept. of Prof. Reg.*, 300 F.3d 750, 755 (7th Cir. 2002). In *Elrod*, the Supreme Court originally guided this analysis by looking to whether the person who was terminated held a "confidential" or "policy-making" position. *Elrod*, 427 U.S. at 372. Although those labels "accurately describe the vast majority of offices that fall within the realm of legitimate patronage," we must look deeper than a mere job title. *Thompson*, 300 F.3d at 756. Instead, the ultimate inquiry is "whether the hiring authority can demonstrate that party affiliation is an appropriate requirement for the effective performance of the public office involved." *Id.* (quoting *Branti v. Finkel*, 445 U.S. 507, 517-18 (1980)). Thus, we look to "the nature of the responsibilities and focus on the duties inherent in an office, and not the functions of the position performed by a particular person." *Thompson*, 300 F.3d at 756. This undertaking is frequently a fact-specific inquiry that should ordinarily be left for a jury to decide. *Pleva v. Norquist*, 195 F.3d 905, 912 (7th Cir. 1999); *Matlock v. Burns*, 932 F.2d 658, 663 (7th Cir. 1991); *Soderbeck v. Burnett County*, 752 F.2d 285, 288-89 (7th Cir. 1985).

      Here, there are questions of fact that remain over whether Bacino occupied a policy making position. Those questions include, but are not limited to, the following:

      1) What responsibilities were inherent in the Special Events Coordinator position in December 2003?

      2) Did the Special Events Coordinator in 2003 have the ability to set policy for the City of Hammond?

3) Did the Special Events Coordinator in 2003 have the ability to spend City funds?

4) Did the Special Events Coordinator in 2003 have the responsibility for establishing a budget?

5) Did the Special Events Coordinator in 2003 have the same responsibilities as the position described in the February 2000 Job Opening?

Because these questions of fact exist, the Mayor's Motion for Summary Judgment must be denied.

In this opinion the Court has materially discussed two documents that the parties seek to strike. The first is Bacino's Affidavit. Because the affidavit is based on her personal knowledge and does not contradict her deposition testimony, the Defendant's Motion to strike it is denied. The fact that Bacino's affidavit is self serving is of no moment. *See Payne v. Pauley*, 337 F.3d 767, 772 (7th Cir. 2003). The second document is the February 2000 Job Opening. While the Court did discuss this document, it was offered by the Defendants, and the Defendants' Motion for Summary Judgment was denied, so the motion to strike it is moot. All other matters in both parties' motions to strike are denied as moot as well.

III. CONCLUSION

Because there are several material questions of fact regarding whether Bacino occupied a policy making position, the Mayor's and the City of Hammond's motion for summary judgment [Doc. No. 17] is **DENIED**.  Plaintiff's Motion to Strike [Docket No. 29] is **DENIED**.

**SO ORDERED.**

ENTERED: August 18, 2005

> s/ Philip P. Simon
> PHILIP P. SIMON, JUDGE
> UNITED STATES DISTRICT COURT