UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| JENNIFER BACINO | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO.  2:04-CV-134 PPS |
| | ) | |
| MAYOR THOMAS McDERMOTT, Jr. | ) | |
| in his individual capacity and, | ) | |
| THE CITY OF HAMMOND, INDIANA | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Petition for Attorney's Fees and Expenses [Doc. 45].  The parties settled the case and reserved the issue of attorneys fees for the Court.  We now grant in part and deny in part Plaintiff's Petition.

**I.  BACKGROUND**

Plaintiff Jennifer Bacino filed a complaint on March 30, 2004, alleging that incoming Mayor Thomas McDermott, Jr. unlawfully terminated her employment with the City of Hammond based upon her affiliation with his political rivals [Doc. 1].  Plaintiff's requested relief included a permanent injunction, actual, compensatory, and punitive damages, reinstatement, and reasonable attorneys fees.  (Compl. at 7-8.)  The Court denied Defendants' motion for summary judgment on August 18, 2005 [Doc. 35].  On December 20, 2005, the parties attended a final pretrial conference before this Court [Doc. 41].  On that same day, the parties negotiated and settled the case during a Court-conducted settlement conference [Doc. 42].

Payment for Plaintiff's attorneys' fees and costs, however, remained unresolved [Doc. 43].  The parties therefore agreed that Plaintiff's counsel from the law firm Hume Smith Geddes

Green & Simmons, LLP (Hume) should submit a fee petition to the Court, which would then decide a reasonable fee for this case.  Plaintiff then timely submitted her Petition [Doc. 45].

In the Petition, Plaintiff has requested $60,976.41 in fees and expenses broken out as follows:

| Attorney | Rate | Hours | Total |
|---|---|---|---|
| Andrew Wirick | $200 | 259.60 | $51,920.00 |
| Edward Harney | $200 | 16.10 | $3220.00 |
| Michael Bain | $150 | 12.20 | $1830.00 |
| Christopher Cody | $150 | 4.40 | $660.00 |
| Beth Garrison | $150 | 2.00 | $300.00 |
| Angela Woodlee | $60 | 5.90 | $354.00 |
| TOTAL | | | $58,284.00 |

| Expense / Cost | Amount |
|---|---|
| Deposition Transcript Expenses | $1783.30 |
| Meals | $17.00 |
| Filing Fee | $150.00 |
| Mileage | $672.22 |
| Photocopies | $50.80 |
| Postage | 19.09 |
| TOTAL | $2,692.41 |

2

## II.  DISCUSSION

**A.     Attorneys Fees**

Federal courts normally do not order one party in a case to pay another's attorneys fees unless authorized by statute.  However, the Civil Rights Attorneys Fees Award Act, 42 U.S.C. § 1988, authorizes a court, in its discretion, to award reasonable attorneys' fees to the prevailing party in any action or proceeding to enforce a number of civil rights statutes, including 42 U.S.C. § 1983.  *See Blanchard v. Bergeron*, 489 U.S. 87, 89 (1989).  To recover fees under § 1988, a plaintiff must first be a prevailing party.  *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  A plaintiff may "prevail" if "they succeed on any significant issue in the litigation which achieves some of the benefit the parties sought in bringing the suit."  *Estate of Borst v. O'Brien*, 979 F.2d 511, 515 (7th Cir. 1992) (citations omitted).

The method of computing a reasonable fee is to calculate the "lodestar" amount.  We obtain a lodestar by multiplying the number of hours an attorney reasonably worked on the litigation by a reasonable hourly rate.  *See Hensley*, 461 U.S. at 433; *Mathur v. Bd. of Trs. of S. Ill. Univ.*, 317 F.3d 738, 742 (7th Cir. 2003).  Once we have determined a lodestar amount, we may apply the so-called *Hensley* factors to increase or decrease the fee award.[1]

In this case, Defendants do not contest that, for purposes of this Fee Petition, Plaintiff has

---

[1] The *Hensley* factors include: "(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases."  *Borst*, 979 F.2d at 515 n.2.

prevailed on her claims. (Defs. Resp. at 4.) Thus, she is the prevailing party entitled to attorneys fees under § 1988. The only issue is whether the fees sought by Plaintiff's counsel are reasonable.

### 1. Hourly Rate

In general, we prefer to compensate attorneys by their standard hourly rate. *Mathur*, 317 F.3d at 743. Indeed, an "attorney's actual billing rate for comparable work is presumptively appropriate to use as the market rate." *Id*. (citations and internal quotations omitted). However, the burden is on the party seeking the fee to substantiate the requested rate, *Borst* 979 F.2d at 515, and when "an attorney is unable to provide evidence of her actual billing rates [the district court should] look to other evidence, including rates similar experienced attorneys in the community charge paying clients for similar work." *Mathur*, 317 F.3d at 743 (citation and internal quotations omitted). Once the attorney establishes his market rate, "the opposing party has the burden of demonstrating why a lower rate should be awarded." *Uphoff v. Elegant Bath, Ltd.*, 176 F.3d 399, 407 (7th Cir. 1999).

Here, Hume has requested the following as its hourly rates:

| Attorney | Requested Hourly Rate |
|---|---|
| Andrew Wirick | $200.00 |
| Edward Harney | $200.00 |
| Michael Bain | $150.00 |
| Christopher Cody | $150.00 |
| Beth Garrison | $150.00 |
| Angela Woodlee (paralegal) | $60.00 |

Each attorney provided an affidavit stating that the his or her requested rate is less than or

4

comparable to the reasonable market value for attorneys fees in this District.  (Pl. Mem., Exs. B-G.)  Moreover, Wirick and Bain, in their affidavits, stated that the current hourly rates charged in the Indianapolis market for paralegal services range from $50 to $145 per hour.  (Pl. Mem., Ex. B at ¶ 23 & Ex. D at ¶ 19.)  Plaintiff also provided two redacted engagement letters.  One letter from 2006 reflected that Wirick's rate was $265 per hour, Cody's rate was $150 per hour and a paralegal's rate was $90 per hour.  (Pl. Reply, Ex. 1A.)  The second letter from 2005 reflected that Harney's rate was $225 per hour, an associate's rate was $150 per hour, and Woodlee's rate was $90 per hour.  (Pl. Reply, Ex. 2.)

As a supplement to these submissions, Plaintiff also provided four affidavits from attorneys practicing in Indiana, which attested to the hourly rates charged for civil rights cases by attorneys of Wirick's experience:

| Attorney | Location | Hourly Rate |
| --- | --- | --- |
| Hamid Kashani | Indianapolis | $225-$275 |
| Kenneth Falk | Indianapolis | $225 |
| John Hamilton | Lake County, Indiana | $200-$300 |
| Ivan Bodensteiner[2] | Northern District of Indiana | $275 |

Furthermore, Attorney Kashani stated that the hourly rates generally charged by attorneys in Indiana and Indianapolis range from $150.00 to $400.00 per hour.  (Pl. Mem., Ex. H at ¶ 3.)  Attorney Falk represented that he had "been informed by practitioners in [the Gary-Hammond] area that [the rates of Harney, Bain, Cody and Garrison] are reasonable."  (Pl. Mem., Ex. I at ¶¶

---

[2] This affidavit was submitted in another case, *Books v. Elkhart County*, Civil No. 3:03-CV-233 (N.D. Ind. South Bend Div.) on March 31, 2004.  Even though this affidavit was made in a different case, we have no reason to suspect that the opinion of this affiant would be any different today.

5

11-12.) Based on all the above submissions, we accept the range of $150-$200 per hour as reasonable for practicing civil rights law in this District.

Defendants, on their behalf, note that defense counsel is paid $125 per hour by the City of Hammond and $150 by the City of Gary when defending those municipalities against allegations of civil rights violations. (Defs. Resp. at 1-2, Ex. 1 at ¶ 3.) But this statement does not take anything away from the reasonableness of Plaintiff's fees. Simply because defense counsel decided to charge below reasonable market rates – either because he has a friendship with Defendant McDermott (Defs. Resp., Ex. 1 at ¶ 7(a)), or because he has provided a discount to his regular clients (*Id.*) – does not mean that Plaintiff's counsel must also. Defendant did not submit any affidavits countering Plaintiff's testimony that Hume's attorney rates were at a reasonable market value.

Defendants also take issue with Hume associates' hourly rates. (Def.'s Resp. at 9.) Cody's rate of $150 per hour, based on the submissions provided by Plaintiff, is reasonable, and Defendants have not provided any contradictory evidence stating otherwise. *See Craig v. Christ*, IP 96-1570-C H/G, 1999 WL 1059704, at *5-6 (S.D. Ind. Sept. 10, 1999) (finding $150 per hour for a new associate after his bar admission as reasonable where evidence shows that other clients have paid that rate). But the Court is less convinced that Garrison's rate of $150 is reasonable for the hours she spent on the case (1.5 hours, to be exact) before being admitted to the Indiana bar. Therefore, we will reduce Garrison's rate by half for those 1.5 hours and consequently, subtract $112.50 from the total attorneys fees requested.

Lastly, Defendants contest paralegal Woodlee's hourly rate of $60, asserting that her responsibilities in this case were secretarial in nature. (Defs. Resp. at 9-10.) The Court

6

disagrees. She kept a calendar for the case, prepared witness charts, researched witnesses, and corresponded with the client. (Pl. Reply, Ex. B at 9, 10, 12, 13.) These duties are not those typically performed by a secretary or receptionist. Moreover, the submitted affidavits show that $60 per hour for a paralegal is a reasonable market value. Thus, there is no reason for Plaintiff's counsel to disclose Woodlee's take home pay, as suggested by Defendants. (Defs. Resp. at 10.)

    **2.**     **Hours Expended**

We next turn to the hours expended by the attorneys in this matter. We may award fees to Plaintiffs only for those hours reasonably expended. "Hours spent are not reasonably expended if they are excessive, redundant, or otherwise unnecessary." *Stark v. PPM America, Inc.*, 354 F.3d 666, 674 (7th Cir. 2004). Defendants raise several issues regarding the hours expended by Plaintiff's counsel.

First, Defendants assert that three different plaintiffs (Harney, Herring, and Bacino), each represented by Hume, filed identical complaints, served identical discovery requests, and researched identical issues in preparing for their individual cases. (Defs. Resp. at 5-6.) Therefore, Defendants request, at a minimum, that Hume apportion the time devoted to preparation of the complaints and initial discovery and to research, equally among the three matters. (*Id.* at 6.) The Court is persuaded by Plaintiff that Hume has done so. Plaintiff asserts that preparation of the complaints and discovery requests have been apportioned equally, and that no double or triple billing has been incurred. (Pl. Reply at 5, 9-10.) Plaintiff also explains that the research regarding First Amendment issues conducted for the summary judgment motion was specific to her motion, because at that time the Herring case had settled and no summary judgment motion had yet been filed in Harney's case. (*Id.* at 10-11.) Defendants have not

7

produced any evidence to the contrary. Thus, the Court finds that Hume has properly apportioned the time among the three similar cases.

Second, Defendants argue that, because Plaintiff hired an Indianapolis firm when several local firms could have handled her case, they are being needlessly charged for attorneys' time during travel. (Defs. Resp. at 7-8.) In response, Attorney Wirick in a supplemental affidavit, testified that none of his clients reduces his hourly rate during travel time. (Pl. Reply, Ex. 1 at ¶ 4.) The Court acknowledges that travel time can be compensated. *See Stark*, 354 F.3d at 674 (holding that travel time is compensable). We nevertheless agree with Defendants that some reduced rate is in order. Billing at a full rate during travel – when no substantive work is occurring – is excessive, particularly when Hume's time records themselves reflect a two-thirds reduction in billing rate for certain entries. (Pl. Reply, Ex. B at 2, 3, 4.) Thus, the Court, following Hume's lead, will include only one-third of Hume's total travel time when calculating the attorneys fees. *See Pisut v. Pasavare, Inc.*, 03 C 4382, 2005 WL 1138638, at *1 (N.D. Ill. April 29, 2005) (reducing amount requested for travel time by half as the regular rate was excessive).

Third, Defendants maintain that hours spent preparing the fee petition and corresponding reply should be removed from the lodestar calculation. (Defs. Resp. at 4-5.) Courts in the Seventh Circuit, however, consistently have found that prevailing plaintiffs are entitled to reasonable attorneys fees for time spent on their fee requests. *See Stark*, 354 F.3d at 674 (finding that hours spent on drafting motion for attorney fees may be included in fee petition); *Lasswell v. Johnston City*, 436 F. Supp. 2d 974, 982 (S.D. Ill. 2006) (same) (citing several cases); *Moore v. Univ. of Notre Dame*, 22 F. Supp. 2d 896, 913 (N.D. Ind. 1998) ("Attorney fees incurred in

8

litigating fee issues . . . are recoverable."). Therefore, Hume's request for reimbursement of hours expended on its fee petition is proper. Hume spent approximately 30 hours in preparing the fee petition and the reply, including time spent calling fellow attorneys for affidavits and preparing its own affidavits. The Court finds this reasonable. Nonetheless, the Court will delete the time involved with amending and substituting Plaintiff Bacino's affidavit that was originally unsigned (1.4 hours) as unnecessary when the affidavit should have been signed and properly reviewed at the time the fee petition was filed. *Cf. Uphoff*, 176 F.3d at 410 (affirming district court who rejected attorneys fees for untimely and improper motions); *Branham v. Snow*, 1:01-CV-152, 2006 WL 1750443, at *9 (S.D. Ind. June 19, 2006) (reducing fees for time plaintiff's counsel billed to correct deficiencies in appellate brief).

To summarize, Plaintiff requests $58,284.00 in attorneys fees. The Court, in its discretion, has subtracted $112.50 for Attorney Garrison's time before she was admitted to the Indiana bar, $5,610.00 for travel time, and $280.00 for time spent on Plaintiff's amended affidavit. Accordingly, before applying the *Hensley* factors, the final lodestar amount equals $52,281.50.

### 3. *Hensley* Factors

Having now arrived at what we consider a reasonable lodestar amount, we now have discretion to adjust the award up or down in light of the *Hensley* factors. Defendants appear to suggest that the Court should reduce the lodestar calculation because the parties consummated a settlement of $32,500 when Plaintiff's original demand was $350,000 and $34,000 in attorneys fees. (Defs. Resp at 3-4, Ex. 2.) In response, Plaintiff states that her original demand was simply a "best day" scenario, a "basic tenant of negotiation strategy." (Pl. Reply at 6-7.)

9

Once an adjustment to the lodestar amount is requested, the district court "should make clear that it has considered the relationship between the amount of the fee awarded and the results obtained." *Hensley*, 461 U.S. at 437. Specifically, the district court should "answer the question of what is 'reasonable' in light of [the] level of success[]'" obtained by counsel. *Id.* at 439. "[S]uccess is the most significant of the *Hensley* factors for a district court judge to consider in deciding what is a reasonable fee." *Connolly v. Nat'l School Bus Serv., Inc.*, 177 F.3d 593, 597 (7th Cir. 1999) (citing *Hensley*, 461 U.S. at 436). If the prevailing party achieves only partial success, a court may reduce the fee award by a percentage. *See Fine v. Ryan Int'l Airlines*, 305 F.3d 746, 757 (7th Cir. 2002).

Despite the Court's discretion in adjusting the lodestar amount, we recognize several Seventh Circuit admonishments in applying the "partial success" factor. First, a district court should not mechanically reduce the attorneys fee award by an amount proportional to the percentage of the plaintiff's starting demand actually recovered through settlement or judgment. *Connolly*, 177 F.3d at 597. Second, an attorneys fee is not automatically unreasonable "simply because it exceeds by some multiple the amount recovered by the plaintiff[.]" *Id.*

Instead, when evaluating the extent of a plaintiff's success, the Seventh Circuit utilizes a three-part test derived from Justice O'Connor's concurrence in *Farrar v. Hobby*, 506 U.S. 103, 121-122 (1992). "Under this test, we look at the difference between the judgment recovered and the recovery sought, the significance of the legal issues on which the plaintiff prevailed, and, finally, the public purpose served by the litigation." *Connolly*, 177 F.3d at 597.

Here, the settlement was for a small amount relative to Plaintiff's requested relief in her Complaint, which included a permanent injunction, several types of damages, and reinstatement.

10

The Court further notes that Plaintiff's initial settlement demand (excluding attorneys fees and no reinstatement) was $350,000 – over ten times the amount of the actual settlement. The Court therefore finds that Plaintiff obtained limited success in her litigation. Furthermore, although the allegations presented in Plaintiff's Complaint were constitutional in nature, they were hardly ground-breaking and, in fact, were quite straightforward. *See Cooke v. Stefani Mgmt. Servs., Inc.*, 250 F.3d 564, 570 (7th Cir. 2001). Moreover, the outcome of the litigation had limited social impact. The settlement did not include any injunctive relief, and Plaintiff's recovery was wholly individual. *See Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 558 n.7, 559 (7th Cir. 1999) (affirming reduction in lodestar calculation where plaintiff obtained only partial recovery of pay and no important social benefits were furthered).

Accordingly, the Court finds that while Plaintiff succeeded in the litigation, the success was limited. Therefore, in the exercise of our discretion, we are reducing the lodestar amount by ten percent. *See e.g.*, *John M. v. Bd of Educ.*, Nos. 01 C 1052, 01 C 1063, 2004 WL 2973748, at *3 (N.D. Ill. Nov. 29, 2004) (reducing lodestar amount by 30% where plaintiff was "not totally successful"); *Reyes v. Nations Title Agency of Ill., Inc.*, 00 C 7763, 2001 WL 687451, at *3 (N.D. Ill. June 19, 2001) (reducing plaintiff's fee award by 65% after considering the three *Farrar* factors). Plaintiff is therefore awarded $47,053.35 in attorneys fees.

**B.     Attorney Expenses**

Plaintiff request that Defendant reimburse certain litigation expenses, such as mileage ($672.22), meals ($17.00) and postage ($19.09). These expenses are not listed in 28 U.S.C. § 1920, and therefore may not be reimbursed as costs. (*See infra* at 12.) They are nevertheless "reimbursable – [] as part of the award for attorneys' fees, because travel and meal expenses are

11

the sort of things that a lawyer includes with a bill for professional services." *Calderon v. Witvoet*, 112 F.3d 275, 276 (7th Cir. 1997) (citing *Missouri v. Jenkins*, 491 U.S. 274, 285-89 (1989)); *see also Heiar v. Crawford County, Wis.*, 746 F.2d 1190, 1203-04 (7th Cir. 1984) ("expenses of litigation that are distinct from either statutory costs or the costs of the lawyer's time reflected in his hourly billing rates – expenses for such things as postage, long-distance calls, xeroxing, travel, paralegals, and expert witnesses – are part of the reasonable attorney's fee allowed by the Civil Rights Attorney's Fees Awards Act")

Defendants object to the mileage and meal expenses incurred when Hume attorneys traveled to and from Indianapolis and Northwest Indiana because Plaintiff could have obtained counsel located in the Northern District of Indiana. (Defs. Resp. at 7.) Defendants do not object to the postage expenses.

The Court finds that Plaintiff's request for the reimbursement of meal, mileage and postage expenses is reasonable. Contrary to Defendants' assertion, even counsel from the Hammond area could have incurred meal expenses of $17.00. Thus, the reimbursement of meals need not be reduced. Furthermore, we view the mileage costs as reasonable for travel to and from Indianapolis and Hammond, particularly as we have already substantially reduced the attorneys fees for travel time.

**C.    Costs**

Plaintiff also requests that Defendants reimburse costs for deposition transcripts ($1783.30), photocopying ($50.80), and the filing fee ($150.00). Defendants do not object to payment of these costs.

Federal Rule of Civil Procedure 54(d)(1) states that following judgment in a civil case,

12

"costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." The costs that may be awarded are defined by 28 U.S.C. § 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987); *Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 643 (7th Cir. 1991)  These costs are:

>(1) Fees of the clerk and marshal;
>
>(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
>
>(3) Fees and disbursements for printing and witnesses;
>
>(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
>
>(5) Docket fees . . . ;
>
>(6) Compensation of court appointed experts . . . .

28 U.S.C. § 1920.  While the district court has wide discretion in awarding costs, Rule 54(d)(1) creates a "presumption in favor of a cost award" as long as those costs are statutorily authorized. *Cefalu v. Village of Elk Grove*, 211 F.3d 416, 427 (7th Cir. 2000); *Rice v. Sunrise Express, Inc.*, 237 F. Supp. 2d 962, 978 (N.D. Ind. 2002).

    Before taxing costs, the court must determine (1) "that the expenses are allowable cost items," and (2) "that the amounts are reasonable and necessary." *Northbrook Excess*, 924 F.3d at 642. Here, Plaintiff first requests a total of $1783.30 for deposition transcripts.  Deposition costs (including transcripts) are authorized under § 1920(2). *See Cengr v. Fusibond Piping Sys., Inc.*, 135 F.3d 445, 454 (7th Cir. 1998).  Accordingly, reimbursement for these costs are proper. Next, Plaintiff requests $50.80 for photocopies.  A prevailing party may recoup costs for photocopying under § 1920(4).  Again, Defendants have not objected.  The Court finds that

13

recovery of this cost is reasonable.   Finally, Plaintiff seeks $150.00 for the filing of her complaint with the clerk of the United States District Court for the Northern District of Indiana. This amount charged by the clerk is recoverable under § 1920(5).  Accordingly, Plaintiff may recover $150.00 for the filing fee.

### III.  CONCLUSION

Plaintiff's Petition for Attorney's Fees and Expenses [Doc. 45] is hereby **GRANTED IN PART AND DENIED IN PART**.  Plaintiff is awarded 47,053.35 in attorneys fees, and $2,692.41 in costs and expenses.

**SO ORDERED.**

ENTERED: September 26, 2006

s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT
